Jesse V. DORRIS, Appellant,

v.

STATE of Missouri, Respondent.

Jose Luis Lopez–McCurdy,
Jr., Appellant,

v.

State of Missouri, Respondent.

Louis Hill, Appellant,

v.

State of Missouri, Respondent.

Nos. SC 91652, SC 91713, SC 91767.

Supreme Court of Missouri,
En Banc.

Jan. 17, 2012.

Gwenda R. Robinson, Public Defender's Office, St. Louis, for Dorris.

James B. Farnsworth, Evan J. Buchheim, Attorney General's Office, Robert J. (Jeff) Bartholomew Jr., Jefferson City, for the state.

Mark A. Grothoff, Public Defender's Office, Columbia, for Lopez–McCurdy.

Rosalynn Koch, Public Defender's Office, Columbia, for Hill.

WILLIAM RAY PRICE, JR., Judge.

Jesse V. Dorris, Jose Luis Lopez–McCurdy, Jr., and Louis Hill (collectively "Movants") were denied the right to appeal their post-conviction relief motions on the merits because they were filed out of time. The State did not raise the issue of timeliness below. Because Rules 29.15 and 24.035 ("the Rules") state that failure to file a motion within the time provided by the Rules "shall constitute a complete waiver of any right to proceed under [these] Rule[s] and a complete waiver of any claim that could be raised in a motion filed under [these] Rule[s]," the motion court had no authority to hear the motions, regardless of the State's failure to raise the issue. We affirm the dismissal of Dorris' and Lopez–McCurdy's cases because they were filed outside the time limits provided in the Rules. Hill's case is re-manded for a hearing on the timeliness of his motion.

## I. Facts and Procedural History

The cases of Jesse V. Dorris, Jose Luis Lopez–McCurdy, Jr., and Louis Hill have been consolidated following oral argument because each case presents the same issue. The facts of each case are recited briefly.

### A. Jesse V. Dorris

On April 11, 2008, Jesse V. Dorris was convicted of possessing anhydrous ammonia in a non-approved container. Following trial in the circuit court, the judge told Dorris, "Jesse, once you get to the Department of Corrections in this case you still have certain rights. One of those rights is to say we made a mistake here ... I must inform you at this time that you have a right under Supreme Court Rule 29.15 to file a motion in this Court." Rule 29.15 was read to Dorris in open court, including the language stating that Dorris had either 90 or 180 days to file, depending on whether he appealed his judgment, and that the failure to file a motion within the time limits would "constitute a complete waiver of any right to proceed under this Rule." Rule 29.15(a).

Dorris appealed his conviction. The court of appeals affirmed the conviction in *State v. Dorris*, 277 S.W.3d 831 (Mo.App. S.D.2009). The court issued the mandate in this direct appeal on March 18, 2009. Because Dorris appealed his conviction, he had 90 days after the mandate on appeal issued to file a motion for post-conviction relief. Rule 29.15(b). On July 1, 2009, 105 days after the mandate issued and 15 days late, Dorris filed a *pro se* motion for post-conviction relief pursuant to Rule 29.15. The State did not raise the issue of timeliness of the motion. The motion court held an evidentiary hearing and ruled on the merits of the motion, denying relief. Dor-

ris appealed the motion court's judgment. On appeal, the southern district held Dorris waived his right to Rule 29.15 relief because his filing was not within the time limits of Rule 29.15.

### B. Jose Luis Lopez–McCurdy, Jr.

Jose Luis Lopez–McCurdy, Jr., was convicted of one count of forcible rape following a jury trial. After his trial and sentencing, Lopez–McCurdy filed a motion for new trial and/or resentencing. In a hearing on this motion, the judge told Lopez–McCurdy, "I am now required under Supreme Court Rule 29.07(b)(4), to at this time advise you of your right to proceed under Supreme Court Rule 29.15. This Rule provides you with the right to file a motion in this court to vacate, set aside or correct the judgment of conviction or sentence ... If you do not file this motion within 180 days after you are delivered to the custody of the Department of Corrections, such failure to file will be a complete waiver of your rights to proceed under this Rule."

Lopez–McCurdy appealed his conviction. The court of appeals affirmed in *State v. Lopez–McCurdy*, 266 S.W.3d 874 (Mo.App. S.D.2008), and the mandate issued on November 13, 2008. Because he appealed his conviction, Lopez–McCurdy had 90 days after the mandate issued to file a motion for post-conviction relief. Rule 29.15(b). On February 17, 2009, 96 days after the mandate issued and six days out of time, Lopez–McCurdy filed a *pro se* motion for post-conviction relief pursuant to Rule 29.15. The State did not raise the issue of timeliness in the motion court. The motion court denied post-conviction relief following an evidentiary hearing, and Lopez–

McCurdy appealed. The southern district vacated the judgment and remanded, directing the motion court to dismiss the Rule 29.15 motion as untimely. As it did with Dorris, the southern district found Lopez–McCurdy waived his right to proceed with his post-conviction motion when he did not timely file his *pro se* motion.

### C. Louis Hill

In 2004 Louis Hill pleaded guilty to first-degree statutory rape. The State recommended the court suspend imposition of the sentence and place Hill on five years' probation. On March 20, 2006, Hill's probation was revoked, and he was sentenced to 20 years' imprisonment. He was delivered to the department of corrections on March 24, 2006. Hill did not appeal his judgment or sentence, so he had 180 days from the date he was delivered to the custody of the department of corrections to file a motion for postconviction relief.[1] Rule 24.035(b).

Hill prepared a *pro se* motion for post-conviction relief pursuant to Rule 24.035. He claims his girlfriend delivered the motion to the court so it would be filed on time, but the court lost the motion and filed it at a much later date. The court's time stamp on the motion is May 5, 2008, more than two years after Hill's arrival at the department of corrections and outside the 180–day time limit provided in Rule 24.035(b). The State raised the issue of the timeliness of the motion and a hearing was set.

Before the hearing, the State dropped its objection to the timeliness of the motion. The motion court held an evidentiary hearing on the merits and denied relief. Hill appealed to the southern district. On

---

1. This Court does not have the transcript from Hill's probation revocation hearing. However, Hill does not claim he was unaware of the requirement in Rule 24.035 that he timely file or else completely waive his right to proceed. Hill shows he was aware of the time limits by claiming he timely filed the motion.

appeal, the State again raised the issue of timeliness of Hill's Rule 24.035 motion. Hill argued the State waived its timeliness objection after dropping the issue in the motion court. He argued that he planned to present evidence to the motion court showing the motion was timely filed, but he did not present this evidence because the State dropped its timeliness objection before the hearing.[2] The southern district held that Hill's motion was filed out of time and that he waived the right to proceed on his post-conviction relief claims.

## II. A Motion Court Has No Authority to Decide Post–Conviction Relief Claims on the Merits When the Motion Is Filed Out of Time

■■■ This Court is obliged to determine whether it has jurisdiction to review this matter. *Smith v. State*, 63 S.W.3d 218, 219 (Mo. banc 2001). Subject matter jurisdiction of the circuit court is governed by the Missouri Constitution. *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249, 253 (Mo. banc 2009). The Missouri Constitution provides circuit courts "original jurisdiction over *all cases and matters,* civil and criminal." Mo. Const. art. V, sec. 14. When a statute, or court rule, speaks in jurisdictional terms, or can be read in such terms, it is proper to read it "as

merely setting ... limits on remedies or elements of claims for relief that courts may grant." *Webb*, 275 S.W.3d at 255.

The motion court had subject matter jurisdiction over Movants' post-conviction relief motions because they were filed in a circuit court. This Court has subject matter jurisdiction to determine whether the motion court correctly or incorrectly exercised its authority. Mo. Const. art. V, sec. 3.

## III. The Districts of the Court of Appeals Have Split on Who Must Raise Timeliness Issue of a Rule 29.15 or 24.035 Motion

Under Rule 29.15(a),[3] a person convicted of a felony following trial may claim that the conviction violates the constitution or laws of Missouri by seeking post-conviction relief in the sentencing court. Rule 24.035(a)[4] provides a person convicted of a felony by guilty plea the same right. To request relief, the defendant "shall file a motion to vacate, set aside or correct the judgment or sentence" within specified time limits. Rule 29.15(b); Rule 24.035(b).

If the defendant appealed the judgment, "the motion shall be filed within 90 days after the mandate of the appellate court is issued affirming such judgment or sentence." Rule 29.15(b); Rule 24.035(b). If

---

**2.** Hill planned to use three or four witnesses to show his girlfriend timely filed the motion and the motion court lost the document and improperly filed it later than it was delivered.

**3.** "A person convicted of a felony after trial claiming that the conviction or sentence imposed violates the constitution and laws of this state or the constitution of the United States, including claims of ineffective assistance of trial and appellate counsel, that the court imposing the sentence was without jurisdiction to do so, or that the sentence imposed was in excess of the maximum sentence authorized by law may seek relief in the sentencing court pursuant to the provisions of this Rule 29.15." Rule

**4.** "A person convicted of a felony on a plea of guilty and delivered to the custody of the department of corrections who claims that the conviction or sentence imposed violates the constitution and laws of this state or the constitution of the United States, including claims of ineffective assistance of trial and appellate counsel, that the court imposing the sentence was without jurisdiction to do so, or that the sentence imposed was in excess of the maximum sentence authorized by law may seek relief in the sentencing court pursuant to the provisions of this Rule 24.035." Rule 24.035(a).

the defendant did not appeal, "the motion shall be filed within 180 days of the date the person is delivered to the custody of the department of corrections."[5] Rule 29.15(b); Rule 24.035(b). The Rules state that the "[f]ailure to file a motion within the time provided by this Rule ... shall constitute a *complete waiver* of any right to proceed under this Rule ... and a *complete waiver* of any claim that could be raised in a motion filed pursuant to this Rule." Rule 29.15(b); Rule 24.035(b) (emphasis added).

The court of appeals has split on whether the state can waive the time limits for filing a Rule 29.15 or 24.035 motion. The eastern district recently held that a court must raise and enforce the time limits for filing in Rules 29.15 and 24.035 even if the State did not raise the issue of timeliness. *Swofford v. State*, 323 S.W.3d 60, 63–64 (Mo.App. E.D.2010). The court found authority within an appellate court's "power and duty to enforce Missouri Supreme Court rules" to raise the timeliness issue *sua sponte*. *Id.* at 63. It was of "no consequence" that the State did not previously raise the issue and the State could not waive the requirement that movant timely file. *Id.* at 64.

The western district has held that the untimely filing of a Rule 29.15 or Rule 24.035 motion is an issue that the State may waive by not raising in the motion court. *Snyder v. State*, 334 S.W.3d 735, 739–40 (Mo.App. W.D.2011). The court cited *McCracken v. Wal–Mart Stores East,*

*LP* for its reasoning: "[I]f a matter is not jurisdictional but rather is a procedural matter required by statute *or rule* or an affirmative defense ... then it generally may be waived if not raised timely." *Id.* at 738–39 (quoting *McCracken v. Wal–Mart Stores East, LP*, 298 S.W.3d 473, 476 (Mo. banc 2009)) (emphasis added). The *Snyder* court found that the time limits in the Rules are not jurisdictional requirements, but procedural matters required by rule, and, thus, may not be raised for the first time on appeal. *Id.* at 739. The western district equated the time limits in Rules 29.15 and 24.035 to the affirmative defense that arises when a party files a pleading outside a statute of limitations and saw no reason to treat the time limitations established by the Rules differently from time limitations established by statute. *Id.*

## IV. Post–Conviction Relief Rules Are Not Akin to Statutes of Limitation

### A. The Language of Rules 29.15 and 24.035 Provides For Complete Waiver

■ The language used in Rules 29.15 and 24.035 is different from the language of other rules or statutes that set time limits. Both Rules 29.15 and 24.035 state that a motion for post-conviction relief "shall" be filed within either 90 or 180 days and the failure to timely file results in a "complete waiver" of any right to proceed on the motion. Rule 29.15(b);[6] Rule

---

5. The Rules also provide for instances in which a new judgment or sentence is entered following appeal and remand. If an appeal from a new judgment is taken, the movant receives 90 days to file. If the movant does not appeal a new judgment, he has 180 days to file a Rule 29.15 or 24.035 motion for post-conviction relief after the later of (1) the date the person is delivered to the department of corrections; or (2) the date the new judgment

or sentence was final for purposes of appeal. Rule 29.15(b); Rule 24.035(b).

6. "Failure to file a motion within the time provided by this Rule 29.15 shall constitute a complete waiver of any right to proceed under this Rule 29.15 and a complete waiver of any claim that could be raised in a motion filed pursuant to this Rule 29.15." Rule 29.15(b).

24.035(b).[7] "Generally the word 'shall' connotes a mandatory duty." *State ex rel. City of Blue Springs v. Rice,* 853 S.W.2d 918, 920 (Mo. banc 1993). When a statute or rule provides what results will follow a failure to comply with its terms, it is mandatory and must be obeyed. *Kersting v. Director of Revenue,* 792 S.W.2d 651, 652–53 (Mo.App.1990); *see State v. Tisius,* 92 S.W.3d 751, 770 (Mo. banc 2002) (applying this rule of construction to a court rule).

■ In a motion filed pursuant to Rule 29.15, the movant must allege facts showing a basis for relief to entitle the movant to an evidentiary hearing. *Pollard v. State,* 807 S.W.2d 498, 501 (Mo. banc 1991). The movant also must allege facts establishing that the motion is timely filed. The movant then must prove his allegations. Rule 29.15(i); Rule 24.035(i) ("The movant has the burden of proving the movant's claims for relief by a preponderance of the evidence."). In addition to proving his substantive claims, the movant must show he filed his motion within the time limits provided in the Rules. The movant must allege facts showing he timely filed his motion and meet his burden of proof by either: (1) timely filing the original *pro se* motion so that the time stamp on the file reflects that it is within the time limits proscribed in the Rule; (2) alleging and proving by a preponderance of the evidence in his motion that he falls within a recognized exception to the time limits; or (3) alleging and proving by a preponder-

ance of the evidence in his amended motion that the court misfiled the motion.

■ The Rules provide for the unique result of "complete waiver" when a defendant files a post-conviction claim out of time. Rule 29.15(b); Rule 24.035(b). "Complete waiver" is used as a phrase just one other time in the Missouri rules, and has not been defined in the context of that rule. *See* Rule 38.08.[8] This Court interprets the rules by applying principles similar to those used for state statutes. *State ex rel. Vee–Jay Contracting Co. v. Neill,* 89 S.W.3d 470, 471–72 (Mo. banc 2002). In determining statutory intent, and this Court's intent in the rules, "[t]his Court will look to the plain and ordinary meaning of those words as defined in the dictionary." *State v. Moore,* 303 S.W.3d 515, 520 (Mo. banc 2010).

■ Obviously "complete waiver" means more than just "waiver." Black's defines "waiver" as "[t]he voluntary relinquishment or abandonment—express or implied—of a legal right or advantage." Black's Law Dictionary 1717 (9th ed.2009). Missouri courts similarly have defined "waiver" as the "intentional relinquishment of a known right." *Sutorius v. Mayor,* 350 Mo. 1235, 170 S.W.2d 387, 396 (1943). The addition of the word "complete" makes the waiver that occurs here different than ordinary waiver. "Complete" means "total, absolute." Merriam-Webster's Collegiate Dictionary 254 (11th ed.2009). The phrase "complete waiver" here establishes a total, absolute relinquishment of a legal

7. "Failure to file a motion within the time provided by this Rule 24.035 shall constitute a complete waiver of any right to proceed under this Rule 24.035 and a complete waiver of any claim that could be raised in a motion filed pursuant to this Rule 24.035." Rule 24.035(b).

8. Rule 38.08 allows a court to set aside a guilty plea on the motion of the defendant, but the defendant must file within the time

limits provided in the rule; otherwise the "[f]ailure to file a motion within the time limit provided by this Rule 38.08 shall constitute a *complete waiver* of any right to proceed under this Rule 38.08 and a *complete waiver* of any claim that could be raised in a motion, except that the court may set aside the judgment of conviction at any time to correct manifest injustice." Rule 38.08(b) (emphasis added).

right. While never expressly interpreting the phrase before, Missouri courts consistently find that "the rules contain strictly enforced time constraints which, if not followed, *procedurally bar* consideration of a movant's claims." *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989) (emphasis added). By failing to timely file, the movant has completely waived his right to proceed on his post-conviction relief claims according to the language of the Rules.[9]

It is the court's duty to enforce the mandatory time limits and the resulting complete waiver in the post-conviction rules—even if the State does not raise the issue. The Missouri Constitution vests this Court with authority to establish rules relating to practice, procedure and pleading for all courts. Mo. Const. art. V, Sec. 5. "When properly adopted, the rules of court are binding on courts, litigants, and counsel, and it is the court's duty to enforce them." *Sitelines, LLC v. Pentstar Corp.*, 213 S.W.3d 703, 707 (Mo.App.2007). The State cannot waive movant's noncompliance with the time limits in Rules 29.15 and 24.035.

In statutes of limitation, the Missouri legislature prescribes certain time limitations for the commencement of actions[10] or criminal prosecutions.[11] *State v. Cotton*, 295 S.W.3d 487, 489 (Mo.App. 2009). The language of the statute of limitation reads simply, stating when an action must be commenced but providing no result if it is not commenced within the time limits. *See* section 516.120, RSMo 2000. If a party does not comply with the applicable statute of limitation, an affirmative defense arises for the opposing party. *See Snyder*, 334 S.W.3d at 739. This affirmative defense is "a procedural tool available to defendants" that allows the defendant to defeat or avoid the plaintiff's cause of action and avers that "even if the allegations of the petition are taken as true, the plaintiff cannot prevail because there are additional facts that permit the defendant to avoid the legal responsibility alleged." *Thompson v. Brown and Williamson Tobacco Corp.*, 207 S.W.3d 76, 122 (Mo.App. 2006). The statute of limitations defense must be raised by the opposing party before a final disposition of the case. *Longhibler v. State*, 832 S.W.2d 908, 910–11 (Mo. banc 1992) (reversing a previous holding that a statute of limitations could be raised at any time and could not be waived.).

The party asserting the defense must file a responsive pleading and demonstrate to the court that the claim was filed outside the time limits of the statute. Rule 55.08;[12] Rule 55.27(a).[13] The party that raises the statute of limitations as an

---

9. This is assuming the movant does not show that he falls into a recognized exception to the time limits or that the court misfiled the motion.

10. *See* section 516.120, RSMo 2000: "Within five years: (1) All actions upon contracts, obligations or liabilities, express or implied ... (2) An action upon a liability created by a statute other than a penalty or forfeiture; (3) An action for trespass on real estate; (4) An action for taking, detaining or injuring any goods or chattels ... (5) An action for relief on the ground of fraud."

11. *See* section 556.036, RSMo Supp.2009: "[P]rosecutions for other offenses must be commenced within the following periods of limitation: (1) For any felony, three years ... (2) For any misdemeanor, one year; (3) For any infraction, six months."

12. Rule 55.08 requires a party to "set forth all applicable affirmative defenses, ... including ... statute of limitations" and show that the pleader is entitled to the defense.

13. Rule 55.27(a) states that "[e]very defense, in law or fact, to a claim in any pleading ... shall be asserted in the responsive pleading thereto if one is required." 29.15(a).

affirmative defense also bears the burden of proving the defense. *Business Men's Assur. Co. of Am. v. Graham*, 984 S.W.2d 501, 507 (Mo. banc 1999).

 The statute of limitation defense must be "specifically asserted by the time the case is decided," otherwise a challenge to the timeliness of the pleading will be considered untimely. *Snyder*, 334 S.W.3d at 739. A defendant who does not raise a statute of limitations defense in the trial court waives the right to assert that defense. *Longhibler*, 832 S.W.2d at 911. Parties may also waive compliance with the statute of limitations by agreement. *Bridges v. Stephens*, 132 Mo. 524, 34 S.W. 555, 561 (1896). In the end, a plaintiff may be allowed to proceed on a claim even if he did not file within the time limitations of the statute. This result differs from that in Rules 29.15 and 24.035, in which the Rules expressly state that a plaintiff's failure to file in time results in "complete waiver." Rule 29.15(b); Rule 24.035(b).

## B. The Policy Behind Rules 29.15 and 24.035 Supports the Result of Complete Waiver

 A statute of limitation and Rules 29.15 and 24.035 have similar purposes. The time limits in Rules 24.035 and 29.15 "serve the legitimate end of avoiding delay in the processing of prisoner's claims and prevent the litigation of stale claims." *Swofford*, 323 S.W.3d at 64 (citing *Day*, 770 S.W.2d at 695). Likewise, the general purpose of statutes of limitation is to prevent the assertion of stale claims. *Business Men's Assur. Co. of Am.*, 984 S.W.2d at 507. But while the purpose may be alike, the results that occur after a failure to timely file vary because the reasoning behind each doctrine is different.

 Rule 29.15 and 24.035 motions represent a "collateral attack on a final judgment of a court." *White v. State*, 939 S.W.2d 887, 893 (Mo. banc 1997). While the Rules allow an attack on a final judgment, post-conviction relief proceedings were not designed for "duplicative and unending challenges to the finality of a judgment." *State ex rel. Simmons v. White*, 866 S.W.2d 443, 446 (Mo. banc 1993). Courts "are solicitous" of post-conviction claims that present a genuine injustice, but that policy of openness must be balanced against the policy of "bringing finality to the criminal process." *White*, 939 S.W.2d at 893. If the movant was not required to timely file, finality would be undermined and scarce public resources will be expended to "investigate vague and often illusory claims, followed by unwarranted courtroom hearings." *Id.* at 893.

 Conversely, the legislature created the statutes of limitations for policy reasons related to encouraging lawsuits close in time to the act, not to preserve the finality of a judgment. "[A] statute of limitations is a legislative declaration of public policy not only to encourage our citizens to seasonably file and to vigilantly prosecute their claims for relief, but also to require them to do so or, otherwise, find their claims proscribed by law." *State ex rel. Collector of Revenue of City of St. Louis v. Robertson*, 417 S.W.2d 699, 701 (Mo.App.1967). Statutes of limitation tend to promote the "peace and welfare of society, safeguard against fraud and oppression and compel the settlement of claims within a reasonable period after their origin while the evidence remains fresh in the memory of the witnesses." *Business Men's Assur. Co. of Am.*, 984 S.W.2d at 507. Because statutes of limitation are less concerned with the finality of judgment, a party who files out of time may be allowed to proceed on his claims while a Rule 29.15 or Rule 24.035 movant is barred after failing to timely file.

The different policies behind a statute of limitations and Rules 29.15 and 24.035 create different doctrines, which in turn lead to different results. A statute of limitation provides the defendant a right to know that no claim will be filed against him after a certain time. The defendant, therefore, is free to waive this right. Rules 29.15 and 24.035 are different—they do not provide a right for any party. The Rules instead create a procedure for a post-conviction relief system. That system is, at least in part, concerned with preserving the finality of judgment. Thus, the State may not waive the requirement that movants timely file.

## V. Conclusion

■ The court of appeals correctly remanded Dorris' and Lopez–McCurdy's motions to the motion courts to be dismissed. The motions were filed outside the mandatory time limits and resulted in Dorris and Lopez–McCurdy completely waiving their postconviction relief claims. Hill alleges that his motion was misfiled by the court but claims he did not have an opportunity to prove that fact. Because the motion court did not hear evidence as to when Hill's motion was filed, the judgment in his case is vacated and the case is remanded. On remand, the court shall determine whether his motion was timely filed and proceed accordingly.

TEITELMAN, C.J., RUSSELL, BRECKENRIDGE, FISCHER and STITH, JJ., and CLAYTON, Sp.J., concur.

DRAPER, J., not participating.