

# Missouri Court of Appeals

## Southern District

### Division Two

VIVIAN R. HALL,                )
                               )
    Appellant,        )
                               )
  vs.                      )    No. SD34385
                               )    Filed:  November 10, 2016
STATE OF MISSOURI,             )
                               )
    Respondent.       )

### APPEAL FROM THE CIRCUIT COURT OF BARTON COUNTY

Honorable James R. Bickel, Presiding Judge

**<u>JUDGMENT VACATED, CASE REMANDED WITH DIRECTIONS</u>**

Vivian R. Hall ("Hall") appeals the denial of her amended Rule 24.035[1] motion for post-conviction relief following an evidentiary hearing.  We vacate the judgment and remand the cause with directions to dismiss the motion because Hall failed to prove that she timely filed her *pro se* motion as required by Rule 24.035, and thus has waived the claim she now asserts on appeal.

---

[1] All rule references are to Missouri Court Rules (2016).

Hall entered an *Alford*[2] plea on August 6, 2012, to the charge of the class C felony of driving while intoxicated, pursuant to section 577.010.[3]  The record before us indicates that Hall was sentenced on November 5, 2012, to seven years' imprisonment in the Department of Corrections, and was ordered to participate in a "Long Term Drug Treatment Program."  Hall was ordered to be delivered to the Department of Corrections on the same day.

Hall filed a *pro se* "Motion to Vacate, Set Aside or Correct the Judgment or Sentence" on June 19, 2013.  However, according to the record before us, and the limited means we have to calculate a due date, her motion was due 180 days[4] after she was delivered to the Department of Corrections—that is, by May 6, 2013.[5]

We note that Hall alleges in both her original and amended motions that she was delivered to the Department of Corrections on March 5, 2013.  However:

> In a motion filed pursuant to Rule 29.15, . . . [t]he movant . . . must allege facts establishing that the motion is timely filed.  The movant then must prove his allegations.  Rule 29.15(i); Rule 24.035(i) ("The movant has the burden of proving the movant's claims for relief by a preponderance of the evidence.").  In addition to proving his substantive claims, the movant must show he filed his motion within the time limits provided in the Rules.

*Dorris v. State*, 360 S.W.3d 260, 267 (Mo. banc 2012).

Here, the record, which includes the transcript of the motion court's hearing, is devoid of evidence that Hall was delivered to the Department of Corrections, as she alleges, on March 5, 2013.  The only evidence in the record, aside from Hall's bare pleaded assertions, points to Hall

---

[2] An *Alford* plea allows a defendant to plead guilty to the charged crime and accept criminal penalty even if he or she is unwilling or unable to admit he or she committed the acts constituting the crime.  *North Carolina v. Alford*, 400 U.S. 25, 37 (1970).

[3] All references to statutes are to RSMo 2000, unless otherwise indicated.

[4] We note that this timeline applies because Hall did not file a direct appeal.  *See* Rule 24.035(b).

[5] In our opinion, we do not decide the precise date Hall's motion was due because we do not have a sufficient record to make that determination.

being delivered to the Department of Corrections on November 5, 2012. We cannot look beyond the record on appeal submitted to us by the parties in making this determination. Rules 81.12 and 84.04(h). *See* **In re Adoption of C.M.B.R.**, 332 S.W.3d 793, 823 (Mo. banc 2011) ("this Court will not consider documents and testimony outside the record on appeal."). It was Hall's burden to prove, as well as plead, that her motion was timely filed. **Dorris**, 360 S.W.3d at 267. Hall failed to meet this burden.

Rule 24.035(b) dictates that "[f]ailure to file a motion within the time provided by this Rule 24.035 shall constitute a complete waiver of any right to proceed under this Rule 24.035 and a complete waiver of any claim that could be raised in a motion filed pursuant to this Rule 24.035(b)." "It is the court's duty to enforce the mandatory time limits and the resulting complete waiver in the post-conviction rules—even if the State does not raise the issue." **Dorris**, 360 S.W.3d at 268. In order to enforce the requirements of this court rule, which cannot be waived by the parties, we must remand this cause to the motion court with directions to dismiss Hall's motion. **Id.** at 270.

The motion court's judgment is vacated, and the cause is remanded with directions for the motion court to dismiss Hall's *pro* se Rule 24.035 motion as untimely.

WILLIAM W. FRANCIS, JR., J. – OPINION AUTHOR

GARY W. LYNCH, P.J. – CONCURS

DANIEL E. SCOTT, J. - CONCURS