**Vivian R. HALL, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. SC 96079**

Supreme Court of Missouri, en banc.

Opinion issued September 12, 2017

---

Hall was represented by Christian E. Lehmberg of the public defender's office in Columbia, (573) 777-9977.

The state was represented by Daniel N. McPherson of the attorney general's office in Jefferson City, (573) 751-3321.

Paul C. Wilson, Judge

Vivian Hall filed a Rule 24.035 motion challenging her felony conviction for driving while intoxicated. The motion court held an evidentiary hearing and overruled Ms. Hall's motion. Acting *sua sponte*, the court of appeals vacated the judgment and remanded with instructions for the motion court to dismiss Ms. Hall's motion as untimely. This Court granted transfer under article V, section 10 of the Missouri Constitution. The judgment of the motion court is vacated and, in accordance with *Dorris v. State*, 360 S.W.3d 260 (Mo. banc 2012), the matter is remanded for an evidentiary hearing to determine whether Ms. Hall's motion was timely filed.

### Background

Vivian Hall pleaded guilty to one class C charge of felony driving while intoxicated. On November 6, 2012, the circuit court sentenced Ms. Hall to the custody of the Department of Corrections ("DOC") for a period of seven years. On June 19, 2013, Ms. Hall filed a *pro se* motion for postconviction relief under Rule 24.035. In that motion and in her subsequent amended motion, Ms. Hall alleged she was not delivered to DOC until March 5, 2013. The date of Ms. Hall's delivery is material because, if she was delivered to DOC on the date she was sentenced, her motion *was not* timely filed and must be dismissed. *See* Rule 24.035(b) (2013) ("If no appeal of such judgment was taken, the motion shall be filed within 180 days of the date the person is delivered to the custody of the department of corrections."). On the other hand, if Ms. Hall was delivered to DOC on March 5, 2013, as she alleges, then her motion *was* timely filed and the motion court was correct in proceeding to resolve her motion on the merits. *Id.*

Even though Ms. Hall pleaded facts sufficient to show her *pro se* motion was timely filed, she failed to prove those allegations when the motion court held an evidentiary hearing. On appeal, she claims she could have introduced evidence showing she was not delivered to DOC until March 5, 2013, and tenders such evidence to this Court.[1] Ms. Hall claims the only reason she failed to prove her motion was timely filed is that neither the state nor the motion court (both of which, presumably, would have been aware that Ms. Hall was not immediately remanded to DOC following sentencing, as she claims) did not question her allegation concerning her date of delivery to DOC.

### Analysis

Appellate review of judgments disposing of Rule 24.035 motions is limited to a determination of whether the motion court's findings and conclusions are clearly erroneous. Rule 24.035(k). Here, even if the Court presumes under Rule 73.01(c) that the motion court must have found Ms. Hall's motion to be timely filed because it proceeded to rule on the merits of her claims, this presumption does not aid Ms. Hall because she offered no evidence or formal stipulation to support such a finding at the evidentiary hearing.

In *Dorris v. State*, 360 S.W.3d 260, 267 (Mo. banc 2012), this Court held that a

---

1. This Court cannot consider evidence not offered and admitted at the evidentiary hearing below. Accordingly, the Court expresses no opinion as to the credibility and sufficiency of the materials tendered by Ms. Hall.

movant seeking post-conviction relief "must allege facts establishing that the motion is timely filed." The Court went on to state that allegations alone were not sufficient. Instead, "[t]he movant then must prove his allegations" at the evidentiary hearing. *Id.* Ms. Hall plainly met this first requirement but just as plainly failed to meet the second. It matters not that neither the state nor the motion court contested her allegations. *Dorris* plainly holds that the burden of pleading *and* proving facts showing the motion was timely filed rests with the movant. *Id.* at 268 ("It is the court's duty to enforce the mandatory time limits and the resulting complete waiver in the post-conviction rules—even if the State does not raise the issue."); *see also* Rule 24.035(i) ("The movant has the burden of proving the movant's claims for relief by a preponderance of the evidence.").

Even though the Court concludes Ms. Hall failed to plead and prove the timeliness of her Rule 24.035 motion, it does not follow that the proper result is to vacate the motion court's judgment and remand with instructions to dismiss her motion with prejudice. In *Dorris*, 360 S.W.3d at 264-65, movant Louis Hill alleged facts that—if believed—would have demonstrated his motion was timely filed. He failed to prove those facts, however, because the state did not contest the timeliness of his motion. *Id.* Rather than hold that the motion court should have dismissed Mr. Hill's motion with prejudice, this Court held:

> Because the motion court did not hear evidence as to when Hill's motion was filed, the judgment in his case is vacated and the case is remanded. On remand, the court shall determine whether his motion was timely filed and proceed accordingly.

*Dorris*, 360 S.W.3d at 270. Under the facts of Ms. Hall's case, the Court is persuaded to follow the same approach.

### Conclusion

For the reasons set forth above, the judgment of the motion court is vacated and this case is remanded with instructions for the motion court to hold an evidentiary hearing to determine whether Ms. Hall timely filed her Rule 24.035 motion. If not timely filed, Ms. Hall's motion must be dismissed with prejudice. If timely filed, the motion court may reenter its previous judgment on the merits of Ms. Hall's claims and Ms. Hall may appeal from that new judgment in the ordinary course.

All concur.