George M. GEYER, Appellant,

v.

STATE of Missouri, Respondent.

ED 104169

Missouri Court of Appeals, Eastern District, DIVISION FOUR.

Filed: September 26, 2017

Joshua D. Hawley and Shaun J. Mackel-prang, Jefferson City, for respondent.

Kevin B. Gau, St. Louis, for appellant.

Gary M. Gaertner, Jr., Judge

### Introduction

George M. Geyer (Movant) appeals the denial of his motion for post-conviction relief under Rule 24.035[1] after an evidentiary hearing. The State argues that we must remand Movant's appeal for dismissal because he failed to prove that lie timely filed his motion. In light of the Missouri Supreme Court's recent decision in Hall v. State, 528 S.W.3d 360, No, SC96079, 2017 WL 4001706 (Mo. banc Sep. 12, 2017), we vacate the judgment of the motion court

and remand for an evidentiary hearing to determine whether Movant's motion was timely filed.

### Background

Movant pled guilty to eighteen charged offenses on November 15, 2013, and the plea court sentenced him to concurrent sentences totaling 30 years' imprisonment. On May 19, 2014, Movant filed a *pro se* motion under Rule 24.035. Though this was 185 days after his plea, Movant alleged both in this motion and in his subsequent amended motion through counsel that he was delivered to the Missouri Department of Corrections (MDOC) on November 25, 2013, which would make his motion timely under Rule 24.035(b): "If no appeal of such judgment is taken, the motion shall be filed within 180 days of the date the person is delivered to the custody of the department of corrections." The motion court held an evidentiary hearing regarding the claims of ineffective assistance of counsel in Movant's motion. The State did not raise the issue of timeliness, and Movant presented no evidence regarding the date he was delivered to MDOC. The motion court then entered judgment denying Movant's motion. This appeal follows.

### Discussion

As a threshold issue, the State argues that we must remand this case for dismissal because Movant failed to prove that his *pro se* motion was timely. Rule 24.035(i) requires Movant to prove his claims for relief by a preponderance of the evidence, which includes proof that his motion was timely filed. Dorris v. State, 360 S.W.3d 260, 267 (Mo. banc 2012). The Missouri Supreme Court has held that even where the State does not raise the issue of timeliness before the motion court, the nature of

---

1. All rule references are to Mo. R. Crim. P. (2014) unless otherwise indicated.

the language in Rule 24.035 is such that "the State may not waive the requirement that movants timely file." Dorris, 360 S.W.3d at 269-70 (Rule 24.035's policy concerning protection of finality of judgments is distinct from statutes of limitations, which can be waived).

However, while this case was pending, the Missouri Supreme Court clarified that dismissal is not required where a movant alleges facts that, if true, would demonstrate the motion is timely filed, yet the movant did not offer evidence regarding timeliness and the State did not contest the timeliness of the motion. See Hall, No. SC96079 at 4, 528 S.W.3d at 362. The court held that the proper remedy in such a case is to remand for an evidentiary hearing on the issue of timeliness. Id. (following Dorris, 360 S.W.3d at 270).

The same circumstances are present here. Movant alleged he was delivered to MDOC on November 25, 2013, and if this is true, his *pro se* motion filed on May 19, 2014, was timely. The State did not raise the issue of timeliness, and therefore Movant did not present any evidence regarding his delivery to MDOC at the evidentiary hearing. Given our Supreme Court's precedent, we find Movant should have an opportunity to prove this allegation in his motion.

### Conclusion

For the foregoing reasons, we vacate the motion court's judgment and remand with instructions for the motion court to conduct an evidentiary hearing regarding whether Movant's *pro se* motion was timely filed. In accordance with Hall, if the motion court finds Movant's motion was not timely filed, the motion court must dismiss Movant's motion with prejudice. If Movant's motion was timely filed, the motion court may reenter its previous judgment on the merits of Movant's claims and

Movant may appeal from that new judgment. Hall, No. SC96079 at 4, 528 S.W.3d at 362.

James M. Dowd, P. J., concurs.

Kurt S. Odenwald, J., concurs.