ATTORNEY FOR APPELLANT: Kevin Blain Gau, Office of the State Public Defender, 1010 Market Street, Suite 1100, St. Louis, MO 63101.
ATTORNEY FOR RESPONDENT: Joshua D. Hawley, Attorney General, Dora A. Fichter, Assistant Attorney General, P.O. Box 899, Jefferson City, MO 65102
Honorable Mary K. Hoff
Timothy L. Bastain ("Movant") appeals from the "Findings of Fact, Conclusions of Law, & Order" ("Judgment") denying his Rule 24.035 motion without an evidentiary hearing. We vacate the motion court's judgment and remand with instructions for the motion court to conduct an evidentiary hearing regarding whether Movant's pro se motion was timely filed.
Factual and Procedural Background
Movant was charged by indictment with unlawful use of a weapon (Count I), unlawful possession of a firearm (Count II), possession of a controlled substance (Count III), and resisting arrest (Count IV). The charging document further alleged that Movant was a prior and persistent offender. On August 27, 2014, Movant appeared *896 in court for the purpose of entering a plea of guilty.
Following the prosecutor's recitation of the facts in the underlying case, Movant admitted to these facts and also stated that there were no threats or promises to induce his plea and that he understood the rights he was waiving by pleading guilty. Movant further stated that he understood there was no plea agreement and that because Movant was a prior and persistent offender, the court could impose any sentence within the range of punishment, which was up to seven-years' imprisonment on Counts and I and IV and/or a fine up to $5,000, and up to fifteen-years' imprisonment on Counts II and III and/or a fine up to $5,000. The court further explained that it could impose a sentence of up to 44 years, a fine up to $20,000, probation, or a combination of incarceration, probation, and a fine. Movant stated that he understood the sentencing options and that he still wanted to plead guilty.
Thereafter, finding Movant's plea to be knowing and voluntary, the court accepted Movant's plea and sentenced Movant to seven-years' imprisonment on Count I, fifteen-years' imprisonment on Count II, fifteen-years' imprisonment on Count III, and seven-years' imprisonment on Count IV. The court then ordered the sentences to run concurrently to each other but suspended the execution of Movant's sentence and placed Movant on probation for three years.
On October 7, 2016, the court revoked Movant's probation, and the total 15-year term was executed.
On May 5, 2017, Movant filed a pro se motion for post-conviction relief in which he stated that he was delivered to the Department of Corrections on March 29, 2017, thus making Movant's pro se motion timely. On May 10, 2017, the motion court appointed the Public Defender's Office to represent Movant, and on May 18, 2017, post-conviction counsel entered an appearance and requested additional time to file an amended motion. On June 21, 2017, the guilty plea and sentencing transcript was filed. On September 1, 2017, the motion court granted post-conviction counsel an additional 30 days to file an amended motion. On September 18, 2017, post-conviction counsel timely filed an amended motion. On November 6, 2017, the motion court issued its Judgment denying Movant's post-conviction motion without an evidentiary hearing. This appeal follows.
Standard of Review
Our review of the denial of a post-conviction motion under Rule 24.035 is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Johnson v. State, 529 S.W.3d 36, 39 (Mo. App. W.D. 2017). The motion court's findings and conclusions are clearly erroneous only if, after review of the entire record, we are left with the definite and firm impression that a mistake has been made. Johnson, 529 S.W.3d at 39. Movant has the burden of showing by a preponderance of the evidence that the motion court clearly erred in its ruling. Id.
After a guilty plea, our review is limited to a determination of whether Movant's plea was knowing and voluntary. Taylor v. State, 456 S.W.3d 528, 533 (Mo. App. E.D. 2015). To establish ineffective assistance of counsel, Movant must show both (1) that his attorney failed to conform his representation to the degree of skill, care, and diligence of a reasonably competent attorney under similar circumstances and (2) that he was prejudiced as a result. Taylor, 456 S.W.3d at 534. To prove prejudice, Movant must show that but for counsel's errors, he would not have pleaded *897 guilty but would have insisted on going to trial. Id.
To be entitled to an evidentiary hearing, (1) the movant must allege "facts, not conclusions, warranting relief; (2) the facts alleged [must] not [be] refuted conclusively by the record; and (3) the matters complained of [must have] resulted in prejudice to the movant." McIntosh v. State, 413 S.W.3d 320, 324 (Mo. banc 2013) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ).
Discussion
In his sole point on appeal, Movant argues the motion court clearly erred when it denied his motion for post-conviction relief without a hearing because plea counsel was ineffective in failing to advise Movant during sentencing that he had the choice of accepting the State's six-year sentencing recommendation instead of proceeding with an "open" sentencing hearing.
As a preliminary matter, we note Movant states that his pro se motion was timely filed because there was a delay between sentencing and his delivery to the Department of Corrections ("DOC"). Movant alleges he was delivered to the DOC on March 29, 2017. Additionally, Movant alleges in his brief that since the filing of the instant appeal, "undersigned counsel has confirmed by telephone conversation with officials at the Eastern Reception, Diagnostic, and Correctional Center, where [Movant] was first housed, and Missouri Eastern Correctional Center, where he is now housed, that March 29, 2017, was indeed the day he was delivered to DOC."[1] Movant admits that "such confirmation is not part of the record before this court."
In its Judgment, the motion court did not make a specific finding of the date of delivery but disposed of Movant's claim on the merits.
The record on appeal must contain all of the proceedings necessary to a determination of the questions presented for decision. Bruce v. State, 998 S.W.2d 91, 93 n.1 (Mo. App. W.D. 1999). Matters omitted from the record on appeal will not be presumed to be favorable to the appellant. Bruce, 998 S.W.2d at 93 n.1. Moreover, "such evidentiary omissions will be taken as favorable to the trial court's ruling and unfavorable to the appeal." City of Kansas City v. Cosic, 540 S.W.3d 461, 464 (Mo. App. W.D. 2018).
Under Missouri law, a movant must plead and prove facts showing that his pro se motion was timely filed. Hall v. State, 528 S.W.3d 360, 362 (Mo. banc 2017). If Movant is correct in his averment, then his pro-se motion is timely since it was filed 37 days after his delivery and thus within 180 days of his delivery under Rule 24.035. However, if Movant is incorrect in his averment, and his delivery was near the date of his sentencing, his pro-se motion was due no later than April 5, 2017, and therefore the May 5, 2017 filing was untimely.
In the matter before us, as Movant has failed to meet his burden by not offering evidence regarding timeliness and the State did not contest the timeliness of the motion, we must remand the post-conviction case to the motion court for an evidentiary hearing on the issue of timeliness. Geyer v. State, 528 S.W.3d 916, 918 (Mo. App. E.D. 2017) ; Hall, 528 S.W.3d at 362.
*898 Conclusion
We vacate the motion court's judgment and remand with instructions consistent with this opinion. On remand, if the motion court finds Movant's motion was not timely filed, the motion court must dismiss Movant's motion with prejudice. Hall, 528 S.W.3d at 362. If Movant's motion was timely filed, the motion court may re-enter its previous judgment on the merits of Movant's claims and Movant may appeal from that new judgment. Id.
Philip M. Hess, Presiding Judge and Robert G. Dowd, Jr., Judge: concur

In May 2017, when Movant filed his motion for post-conviction relief, the rule ran the 180-day time limit from the inmate's delivery to the DOC. The current version of Rule 24.035(b) runs the 180-day time limit on filing the pro-se Form 40 motion from sentencing, and not from the delivery date.