In the Missouri Court of Appeals
 Eastern District
 DIVISION THREE
JERRY L. HUSKEY, ) No. ED109277
 )
 Movant/Appellant, )
 ) Appeal from the Circuit Court
 ) of Lincoln County
 vs. ) Cause No. 18L6-CC00094
 )
STATE OF MISSOURI, ) Honorable Thomas J. Frawley
 )
 Defendant/Respondent. ) Filed: November 16, 2021

 OPINION

 Jerry Huskey (“Movant”) appeals the judgment denying his Rule 24.035 motion after an

evidentiary hearing.1 As the parties concede, we must vacate the judgment and remand the case

to the motion court to determine the timeliness of Movant’s pro se motion.

 I. Procedural and Factual Background

 Movant filed his pro se motion for post-conviction relief on July 20, 2018. Therein, he

alleged that he was sentenced on January 8, 2018, but was not delivered to the Missouri

Department of Corrections (“DOC”) until May 25, 2018. No one contested the timeliness of the

pro se motion, nor the allegation regarding Movant’s delivery date to the DOC. After post-

conviction counsel was appointed and filed an amended motion, the motion court held an

1
 All rule references are to the Missouri Supreme Court Rules (2018).

 1
evidentiary hearing. No evidence was presented at the hearing to prove Movant’s delivery date to

the DOC. The motion court denied Movant any relief on the merits of his post-conviction claims.

This appeal follows.

 II. Standard of Review

 We review the motion court’s judgment for clear error. Rule 24.035(k); Hall v. State, 528

S.W.3d 360, 361 (Mo. banc 2017).

 III. Discussion

 A movant seeking post-conviction relief must not only allege facts establishing that the

motion is timely filed, but must also prove those allegations at the evidentiary hearing. Hall, 528

S.W.3d at 361-62; see also Dorris v. State, 360 S.W.3d 260, 267 (Mo. banc 2012). Where, as

here, no appeal is taken from the judgment entered on a conviction by way of a guilty plea, the

timeliness of Movant’s pro se motion depends on his DOC delivery date. See Rule 24.035(b)

(motion due 180 days from delivery to DOC). If he was delivered on the date he alleged, then his

motion was timely. But because the issue was not contested, Movant did not present any

evidence to support his allegation that he was delivered to the DOC on May 25, 2018. Therefore,

he did not prove that his motion, filed on July 20, 2018, was timely. The proper remedy here is to

vacate the judgment and remand with directions. See Hall, 528 S.W.3d at 362; Dorris, 360

S.W.3d at 270.

 IV. Conclusion

 We vacate the motion court’s judgment and remand with directions to hold an evidentiary

hearing to determine whether Movant’s pro se motion was timely filed. If the motion court finds

the pro se motion was not timely filed, then it must dismiss Movant’s motion with prejudice. See

 2
Hall, 528 S.W.3d at 362. If it finds the motion was timely filed, then the motion court may re-

enter its previous judgment on the merits, from which Movant may appeal. See id.

 _______________________________
 Colleen Dolan, J.

Philip M. Hess, P. J., concurs.
Angela T. Quigless, J., concurs.

 3