In the Missouri Court of Appeals
 Eastern District
 DIVISION THREE
JERRY L. HUSKEY, ) No. ED109277
 )
 Movant/Appellant, )
 ) Appeal from the Circuit Court
 ) of Lincoln County
 vs. ) Cause No. 18L6-CC00094
 )
STATE OF MISSOURI, ) Honorable Thomas J. Frawley
 )
 Defendant/Respondent. ) Filed: November 30, 2021

 OPINION

 Jerry Huskey (“Movant”) appeals the judgment denying his Rule 24.035 motion after an

evidentiary hearing. As the parties concede, we must vacate the judgment and remand the case to

the motion court to determine the timeliness of Movant’s pro se motion.

 I. Procedural and Factual Background

 Movant’s sentence was imposed on March 16, 2016, execution thereof was suspended,

and he was placed on probation. On January 8, 2018, his probation was revoked, and the

sentence was executed. Movant filed his pro se motion for post-conviction relief on July 20,

2018. Therein, he alleged that he was delivered to the Missouri Department of Corrections

(“DOC”) on May 25, 2018. No one contested the timeliness of the pro se motion, nor the

allegation regarding Movant’s delivery date to the DOC. After post-conviction counsel was

 1
appointed and filed an amended motion, the motion court held an evidentiary hearing. No

evidence was presented at the hearing to prove Movant’s delivery date to the DOC. The motion

court denied Movant any relief on the merits of his post-conviction claims. This appeal follows.

 II. Standard of Review

 We review the motion court’s judgment for clear error. Rule 24.035(k); Hall v. State, 528

S.W.3d 360, 361 (Mo. banc 2017).

 III. Discussion

 A movant seeking post-conviction relief must not only allege facts establishing that the

motion is timely filed, but must also prove those allegations at the evidentiary hearing. Hall, 528

S.W.3d at 361-62; see also Dorris v. State, 360 S.W.3d 260, 267 (Mo. banc 2012). Where, as

here, no appeal is taken from the judgment entered on a conviction by way of a guilty plea, the

timeliness of Movant’s pro se motion depends on his DOC delivery date. See Rule 24.035(b)

(2017) (motion due 180 days from delivery to DOC).1 If he was delivered on the date he alleged,

then his motion was timely. But because the issue was not contested, Movant did not present any

evidence to support his allegation that he was delivered to the DOC on May 25, 2018.

Therefore, he did not prove that his motion, filed on July 20, 2018, was timely. The proper

remedy here is to vacate the judgment and remand. See Hall, 528 S.W.3d at 362; Dorris, 360

S.W.3d at 270.

1
 Effective January 1, 2018, the pro se motion is due within 180 days of the date the sentence is entered if no appeal
is taken. But because the sentence in this case was imposed before January 1, 2018, Rule 24.035(m) provides that
the rule “in effect on the date the motion was filed or December 31, 2017, whichever is earlier” shall govern. In this
case, the motion was filed in July of 2018, so the rules in effect on December 31, 2017, apply. At that time, the
timeliness of a pro se motion still depended on the movant’s delivery date when no appeal was taken.

 2
 IV. Conclusion

 We vacate the motion court’s judgment and remand with directions to hold an evidentiary

hearing to determine whether Movant’s pro se motion was timely filed. If the motion court finds

the pro se motion was not timely filed, then it must dismiss Movant’s motion with prejudice. See

Hall, 528 S.W.3d at 362. If it finds the motion was timely filed, then the motion court may re-

enter its previous judgment on the merits, from which Movant may appeal. See id.

 _______________________________
 Colleen Dolan, J.

Philip M. Hess, P. J., concurs.
Angela T. Quigless, J., concurs.

 3