

# SUPREME COURT OF MISSOURI
## en banc

WESLEY HATMON,                    )     *Opinion issued March 21, 2023*

)

             Appellant,    )

)

v.                         )     No. SC99591

)

STATE OF MISSOURI,       )

)

             Respondent.   )

---

### APPEAL FROM THE CIRCUIT COURT OF DALLAS COUNTY
The Honorable Lisa Carter Henderson, Judge

In 2014, Wesley Hatmon pleaded guilty to two charges of driving while intoxicated, one in Laclede County and the other in Dallas County. He received a suspended execution of sentence pending successful completion of probation in each case and was ordered to participate in the 120-day program under section 559.115 in the Laclede County case and 60 days' shock incarceration in the Dallas County case. The sentences for each case were to run consecutively. The plea agreement, however, specified that the two periods of shock incarceration would run concurrently.

A written judgment was entered in the Laclede County case in 2014, and Hatmon was delivered to the Department of Corrections ("DOC") for the 120-day program under section 559.115 ordered in that case. In an apparent oversight, however, no written

judgment was entered in the Dallas County case until 2016, when he was found to have violated the probation conditions in that case. As a result of that violation, Hatmon's sentence in the Dallas County case was executed in 2016, and he was again delivered to the DOC to serve that sentence. He was not given credit on his Dallas County sentence for the shock time he served in the 120-day program in DOC in the Laclede County case.

In 2017, Hatmon filed a *pro se* motion for postconviction relief under Rule 24.035. Appointed counsel filed an amended motion out of time. The motion court, however, held a hearing on the merits of the amended motion and denied relief. That denial has twice been appealed, with the court of appeals remanding the case both times for a determination of whether appointed counsel abandoned Hatmon when she filed the amended motion out of time. The state now argues, for the first time in this case, that Hatmon's original *pro se* motion was filed out of time; therefore, the case must be dismissed. The state claims that, because Hatmon was first delivered to the DOC on the Dallas County case in 2014, he had 180 days from that first delivery to file his *pro se* motion. This Court has jurisdiction, Mo. Const. art. V, sec. 10, and the case is remanded to the motion court for a factual determination as to when Hatmon was first delivered to the DOC on the Dallas County case.

## Background

### *Guilty Pleas and Sentencing*

Nearly 10 years ago, Hatmon faced criminal charges in two separate counties, Laclede County and Dallas County, for two separate instances of driving while intoxicated. In Laclede County (case number 14LA-CR00364-01) ("the Laclede County

case"), Hatmon pleaded guilty to one count of driving while intoxicated as a persistent offender and was sentenced to four years in prison. The Laclede County court suspended execution of that sentence and placed Hatmon on probation pending the successful completion of the 120-day program in DOC pursuant to section 559.115.[1] In Dallas County (case number 11DA-CR00892-01) ("the Dallas County case"), Hatmon pleaded guilty to one count of driving while intoxicated as an aggravated offender and was sentenced to seven years in prison. If executed, this sentence was to run consecutively to the sentence in the Laclede County case. The Dallas County court suspended the execution of the Dallas County sentence and placed Hatmon on five years' probation, a term of which was that he "serve 60 days shock detention concurrent to incarceration in [the Laclede County case]."

Judgment was entered in the Laclede County case in 2014. The record shows (and both parties admit) Hatmon was delivered immediately to the DOC to begin the 120-day program in the Laclede County case. Even though Hatmon also pleaded guilty in the Dallas County case in 2014, and sentence was pronounced at that time (though execution was stayed), it does not appear a written judgment was entered until 2016, when Hatmon's probation in the Dallas County case was revoked and his sentence executed. On November 8, 2016, when a written judgment finally was entered on the Dallas County case, it made no express reference to whether Hatmon had served shock incarceration in the DOC in that case. He was delivered to the DOC on November 10, 2016, to begin

---

[1] All statutory references are to RSMo Supp. 2013 unless otherwise noted.

serving his seven-year sentence in the Dallas County case. Hatmon did not receive any credit toward his Dallas County sentence for the 120 days he previously had served in the DOC in the Laclede County case.

***Postconviction Proceedings***

On April 3, 2017, Hatmon filed a *pro se* motion for postconviction relief under Rule 24.035 challenging his conviction in the Dallas County case. The motion court appointed counsel to represent Hatmon and, after granting an extension, set December 5, 2017, as the deadline for counsel to file an amended Rule 24.035 motion.[2] Counsel did not file the amended motion until December 15, 2017.

Despite the untimeliness of counsel's amended motion and without conducting an inquiry to determine if Hatmon's counsel had abandoned him,[3] the motion court held an evidentiary hearing on the claims in Hatmon's amended motion and overruled those claims. In denying relief, the motion court summarily stated Hatmon's *pro se* motion was timely filed but made no express finding of fact as to when the 180-day period for

---

[2] Rule 24.035(e) (2016) provided "[w]hen an indigent movant files a pro se motion, the court shall cause counsel to be appointed for the movant[,]" and, "[i]f the [pro se] motion does not assert sufficient facts or include all claims known to the movant, counsel shall file an amended motion that sufficiently alleges the additional facts and claims."

[3] "The untimely filing of an amended motion by postconviction counsel creates a presumption of abandonment." *Watson v. State*, 536 S.W.3d 716, 719 (Mo. banc 2018). When the presumption of abandonment arises, "the motion court is obligated to conduct an independent inquiry to determine whether the movant was actually abandoned." *Milner v. State*, 551 S.W.3d 476, 479-80 (Mo. banc 2018). However, "[t]he method of making this inquiry may be as formal or informal as the motion court deems necessary to resolve the question of abandonment by counsel[,]" so long as a sufficient record is "made to demonstrate on appeal that the motion court's determination on the abandonment issue is not clearly erroneous." *McDaris v. State*, 843 S.W.2d 369, 371 n.1 (Mo. banc 1992).

filing the *pro se* motion began to run (i.e., no express finding of fact as to when Hatmon was first delivered to the DOC on the Dallas County case).

Hatmon appealed, and the court of appeals – focusing on the fact counsel's amended motion was filed out of time – remanded the case for the motion court to conduct an independent inquiry as to whether appointed counsel abandoned Hatmon. On remand, the motion court conducted that inquiry and made an oral finding that counsel had abandoned Hatmon because the untimeliness of the amended motion was due to counsel's own error. In its subsequent written order, however, the motion court found Hatmon had not been abandoned. The court found the untimeliness of the amended motion was solely the fault of counsel (suggesting abandonment) but concluded Hatmon had not been abandoned because the merits of his postconviction claims in the amended motion nonetheless had been considered and rejected after an evidentiary hearing and, therefore, there was no prejudice to Hatmon.

Hatmon again appealed. The court of appeals again vacated the overruling of Hatmon's amended motion, holding the motion court lacked authority to address the merits of the untimely amended motion unless and until it determined Hatmon had been abandoned by counsel. As a result, the court of appeals again remanded the case for an inquiry and determination on the issue of abandonment.

The state filed a motion for rehearing in the court of appeals and there argued – for the first time – that Hatmon's original *pro se* motion was untimely; therefore, the untimeliness of the amended motion and whether appointed counsel thereby abandoned Hatmon were irrelevant. Instead, the state argued the court of appeals should remand the

case with instructions that it be dismissed outright. The state contended the record shows Hatmon was delivered to the DOC in 2014 to serve shock incarceration on the Dallas County case (concurrently with the 120-day program under section 559.115 in the Laclede County case). As a result, the state contends the 180-day deadline for Hatmon to file his *pro se* motion began running in 2014; therefore, his motion (which was not filed until 2017) was time-barred. The court of appeals rejected the state's arguments and issued an "Opinion on Motion for Rehearing" explaining it was precluded from considering the timeliness of Hatmon's *pro se* motion under the law-of-the-case doctrine. The court of appeals explained it made an implicit determination in the first appeal that Hatmon's *pro se* motion was timely and, under the law-of-the-case doctrine, it declined to revisit that issue. This Court granted the state's application for transfer.

## Analysis

This Court reviews judgments disposing of Rule 24.035 motions only to determine whether the motion court's findings of fact and conclusions of law are clearly erroneous. *Hall v. State*, 528 S.W.3d 360, 361 (Mo. banc 2017); Rule 24.035(k). "A judgment is clearly erroneous when, in light of the entire record, the court is left with the definite and firm impression that a mistake has been made." *Swallow v. State*, 398 S.W.3d 1, 3 (Mo. banc 2013). Hatmon asserts that, on remand, the motion court clearly erred in finding in its written order that Hatmon was not abandoned by postconviction counsel, as it is undisputed that counsel's amended motion was filed late due to the fault of counsel, not Hatmon. In response, the state argues this Court need not address whether counsel's abandonment of Hatmon excuses the untimely filing of the amended motion because

6

Hatmon's original *pro se* Rule 24.035 motion was untimely; therefore, the case must be dismissed. Hatmon counters that the timeliness of his *pro se* motion is a settled question and cannot now be revisited under the law-of-the-case doctrine.

***Timeliness of Hatmon's* Pro Se *Motion***

The applicable version of Rule 24.035(b) provides that, absent an appeal, a defendant's Rule 24.035 motion "shall be filed ***within 180 days of the date the person is delivered to the custody of the department of corrections***." [4] (Emphasis added). This Court has interpreted and applied that deadline under Rule 24.035 on many occasions. *See, e.g.*, *Swallow*, 398 S.W.3d at 4 (Mo. banc 2013) ("Absent an appeal, Rule 24.035(b) requires a person seeking to correct, vacate, or set aside a judgment or sentence to file a motion within 180 days of the date the person is delivered to the custody of the department of corrections."); *Hall*, 528 S.W.3d at 361 (same); *Dorris v. State*, 360 S.W.3d 260, 266-67 (Mo. banc 2012) (same). Moreover, this Court has held that, when there are multiple deliveries to the DOC on the same judgment, the triggering event for the 180-day window is the initial delivery. *Swallow*, 398 S.W.3d at 4-5. This is because the Rule's purpose is to provide a "prompt review of any deficiency in the judgment or sentence." *Id.* at 4.

---

[4] From 2014 through 2017, the relevant portion of Rule 24.035(b) remained unchanged and provided that, absent an appeal, the 180-day period within which to file a Rule 24.035 motion began to run on "the date the person is delivered to the custody of the department of corrections." In 2018, the Rule was amended to require the motion to be filed "within 180 days of the date the sentence is entered." Neither party argues the language in the 2018 amendment applies here, nor would any contention have merit as Hatmon was delivered to the DOC in 2014 and 2016, well before the 2018 amendment.

Accordingly, if Hatmon's delivery to the DOC in 2014 was a delivery to serve shock incarceration *in the Dallas County case* as well as the 120-day program in the Laclede County case, his 2017 *pro se* motion was filed long after the 180-day deadline and must be dismissed as untimely. On the other hand, if Hatmon's first delivery to the DOC on the Dallas County case was November 10, 2016, when he began to serve his seven-year sentence, then his *pro se* motion (filed April 3, 2017) was timely. In this latter circumstance, as the court of appeals has twice explained, the motion court was limited to considering the claims raised therein unless and until it determined the untimely filing of the amended motion was excused due to counsel's abandonment.

Whether Hatmon *actually* was delivered to the DOC on the Dallas County case in 2014 is a factual question, however, and this Court declines to invade the fact-finding province of the motion court to resolve it. This Court expresses no opinion on the persuasiveness or sufficiency of any of the evidence discussed above insofar as it bears on the timeliness of Hatmon's *pro se* motion, but the fact the motion court determined the *pro se* motion was timely without referencing any of this evidence and apparently without any briefing or argument on that question leaves this Court with the "definite and firm impression that a mistake has been made." Accordingly, this Court remands the case to the motion court to determine when Hatmon was first delivered to the DOC on the Dallas County case. When that question is resolved, the motion court can properly assess the timeliness of Hatmon's *pro se* motion (i.e., whether it was filed within 180 days of that initial delivery) and proceed from that point in a manner consistent with this opinion.

8

*Law-of-the-Case Doctrine*

Hatmon contends that, even if his *pro se* motion was filed out of time, the law-of-the-case doctrine precludes this Court or the motion court from enforcing Rule 24.035's time limitation now. This is incorrect. It is correct that the law-of-the-case doctrine provides that "a previous holding in a case constitutes the law of the case and precludes relitigation of that issue on remand and subsequent appeal." *State v. Graham*, 13 S.W.3d 290, 293 (Mo. banc 2000). However, "[a]ppellate courts have **discretion not to apply the doctrine** where there is a mistake, a manifest injustice, or an intervening change of law." *Id.* (emphasis added).

On the other hand, the deadline for filing a *pro se* motion for postconviction relief under Rule 24.035 is mandatory and cannot be waived. A failure to file that motion within the period provided by the rule constitutes a complete waiver of the right to proceed under Rule 24.035. *Price v. State*, 422 S.W.3d 292, 296-97 (Mo. banc 2014); *Day v. State*, 770 S.W.2d 692, 696 (Mo. banc 1989); Rule 24.035(b). Further, "**[i]t is the court's duty** to enforce the mandatory time limits and the resulting complete waiver in the post-conviction rules—even if the [s]tate does not raise the issue." *Dorris*, 360 S.W.3d at 268 (emphasis added). "Our Court cannot waive [] non-compliance with the time limits imposed by Rule 24.035." *Greenleaf v. State*, 501 S.W.3d 911, 913 (Mo. App. 2016) (*citing Dorris*, 360 S.W.3d at 268).

Here, this Court is convinced a mistake was made, not in deciding that the *pro se* motion was timely but in reaching that conclusion on a record that contains (at best) contradictory indications without expressly finding any of the predicate facts. As a

result, under these circumstances, the Court exercises its discretion to hold the mandatory time limit imposed by Rule 24.035 outweighs the law-of-the-case doctrine such that this doctrine does not preclude the motion court from considering the timeliness of Hatmon's *pro se* motion on remand in accordance with this opinion.

Accordingly, this Court remands the case to the motion court for it to make a factual finding as to when Hatmon was first delivered to the DOC on the Dallas County case so it may determine on the basis of that fact whether Hatmon's *pro se* motion was timely filed.[5]

## Conclusion

For the reasons set forth above, the judgment of the circuit court is vacated, and the case is remanded for further proceedings consistent with this opinion.

_____
Paul C. Wilson, Chief Justice

All concur.

---

[5] There is some recent authority from the court of appeals suggesting a criminal judgment is final for purposes of appeal when pronounced orally, regardless of whether a written judgment is later entered. *See State v. Vandergrift*, No. WD84462, 2022 WL 17587482, at *11 (Mo. App. Dec. 13, 2022) ("The right of appeal for a criminal defendant under Rule 30.01(a) is triggered upon oral rendition of judgment and imposition of sentence … , and a timely filed appeal after that point invokes appellate jurisdiction even if a Rule 29.07(c) judgment of conviction is not entered of record." (emphasis omitted)), *ordered transferred to Supreme Court of Missouri, No. SC99913*. However, neither party invokes this argument here, and this Court expresses no opinion in this case on whether the reasoning in *Vandergrift* is correct or, if it is, whether it affects judgment in this case.