PAUL C. WILSON, Judge.
The majority opinion holds that, when the counsel appointed to represent an inmate pursuant to Rule 24.035(e) does not file an amended motion or a statement explaining why no amended motion is necessary, the inmate either can object to such “abandonment” in the motion court and/or assert that claim on appeal as the inmates did in Luleff v. State, 807 S.W.2d *242 495 (Mo. banc 1991), and Sanders v. State, 807 S.W.2d 493 (Mo. banc 1991), or the inmate can wait several years and then file a “motion for post-conviction relief due to abandonment.” Regardless of the merits of this holding, the Court is wrong to announce and apply it to Mr. Vogl in this case.
As explained below, the 2012 motion that the majority opinion holds should have been granted by the trial court was Mr. Vogl’s second abandonment motion, not his first. His first abandonment motion is identical to the present one in all material respects except that it was filed in 2011, more than 14 months before the motion at issue in this case. The trial court denied Mr. Vogl’s first abandonment motion (just as it later denied the motion now before this Court), and Mr. Vogl appealed that first denial (just as he now appeals the second). But that is where the similarities end. Mr. Vogl never filed the record in his first appeal and, as a result, it was dismissed. Because Mr. Vogl already took the second chance to raise his abandonment claim that the majority opinion holds he should have, there is no need or reason to give him a third. Accordingly, I respectfully dissent.
The majority opinion recites that Mr. Vogl’s initial post-conviction motion was denied as untimely on April 22, 2008, and he concedes that he did not ask the motion court to reconsider or vacate that decision under Rules 75.01 or 74.06. Mr. Vogl also made no effort to seek appellate review of this dismissal, either within 10 days after it became final (which, because Mr. Vogl made no motion for reconsideration, was 30 days after its entry) or anytime within the following year under Rule 30.03 (which allows the appellate court to grant leave for such a late filing “for good cause shown”).
The majority opinion then recites that, in 2012, Mr. Vogl filed a motion alleging that he had been abandoned by his appointed counsel in 2008 and seeking to have the motion court hear and determine the merits of his Rule 24.035 claims that had been improperly dismissed as a result of that abandonment. Finally, the majority opinion recites that Mr. Vogl’s abandonment motion was denied on May 21, 2012, that he appealed this denial, and that his appeal is now before this Court pursuant to article V, section 10 of the Missouri Constitution.
But, between 2008 (when his initial post-conviction motion was denied) and 2012 (when he filed the abandonment motion that is now before this Court), there was another very important chapter to Mr. Vogl’s procedural story. On March 17, 2011, more than 14 months before he filed the motion that is now before this Court, Mr. Vogl filed his first motion alleging that he had been abandoned by his appointed counsel in 2008 and seeking to have the motion court hear and determine the merits of his Rule 24.035 claims that were improperly dismissed as a result of that abandonment.[1]
Attached to this first abandonment motion are the same exhibits that the majority opinion analyzes from his second motion: (a) the 2010 correspondence between Mr. Vogl and the Jasper County circuit clerk’s office; (b) the letter and motion from appointed counsel requesting the motion court to rescind appointment because Mr. Vogl’s initial pro se motion was filed too late under Rule 24.035; and (c) the motion court’s 2008 order rescinding counsel’s appointment and dismissing Mr. *243 Vogl’s motion for post-conviction relief as untimely. Mr. Vogl alleges in his first abandonment motion, as he does in his second, that his pro se Rule 24.035 motion was not untimely in 2008, that his appointed counsel’s concession on this issue was “without proper merit,” and that this abandonment by appointed counsel deprived him of meaningful review of the claims he had raised in his 2008 motion for post-conviction relief.
The motion court denied Mr. Vogl’s first abandonment motion on November 4, 2011, just as it later would deny his second abandonment motion six months later.[2] Mr. Vogl appealed this November 4 denial to the Missouri Court of Appeals, Southern District, where his appeal was assigned Case No. 31797. Four months later, however, Mr. Vogl had not filed his record on appeal. Pursuant to Rule 84.08, therefore, the appellate court warned Mr. Vogl that his appeal would be dismissed unless he filed the required documents or demonstrated good cause why dismissal should not be ordered. He did neither, and Mr. Vogl’s appeal from the trial court’s denial of his first abandonment motion was dismissed.
Rule 24.035(1) plainly states: “The circuit court shall not entertain successive motions.” Even if the majority opinion is correct that this language does not prohibit an inmate from filing a “motion for post-conviction relief due to abandonment” after having previously filed (and been denied) a motion for post-conviction relief, there is nothing in the language of Rule 24.035(1) that justifies allowing an inmate to file a second “motion for post-conviction relief due to abandonment” when he has previously filed (and been denied) a first “motion for post-conviction relief due to abandonment.”
If Mr. Vogl had managed to file the record in his appeal from the 2011 denial of his first abandonment motion (as he managed to do in this case and as pro se inmates manage to do in hundreds of post-conviction appeals every year), all that has occurred in this appeal could have — and perhaps would have — occurred in that one. But he did not do so, and that appeal was dismissed. No matter how compelling the issues he might have raised then would have been, and no matter how wrong the trial court may have been in denying Mr. Vogl’s first abandonment motion in 2011 under the majority opinion’s reasoning here, there simply is no justification for ignoring the fact that Mr. Vogl did not file his second abandonment motion (the denial of which is now before the Court) until after he failed to perfect his appeal from the denial of his first abandonment motion.[3]
Even assuming that the majority opinion is correct that Mr. Vogl had a right to assert an abandonment claim years after failing to assert that claim in the motion *244 and appellate courts in 2008 (or 2009), Mr. Vogl exercised that right in 2011 when he filed his first abandonment motion. It may well have been error for the motion court to deny Mr. Vogl’s first abandonment motion just as the majority opinion concludes it was error to deny his second; but we will never know. Mr. Vogl’s failure to perfect his appeal from the denial of his first motion waived all claims of error regarding that denial. He cannot simply ignore the disposition of his first abandonment motion in the hopes of relitigating the same issues now in a second motion. Accordingly, the Court is wrong to reach the issues it resolves in this case, and I respectfully dissent from its having done so.[4]

. Mr. Vogl includes a copy of his first abandonment motion in his legal file for this case, as well as the correspondence from the appellate division of the Public Defender System (which did not represent Mr. Vogl at the time) stating it had reviewed his motion and recommending he file it.

. The majority opinion insists that the "motion court dismissed Mr. Vogl’s current [second] abandonment claim as procedurally barred on the ground that his Rule 24.035 action was dismissed with prejudice for the untimely filing of his original pro se motion and Mr. Vogl's claim of abandonment never has been adjudicated on the merits[.]” Maj. Op. at 222, n. 4. That is a fair reading of the motion court's order denying Mr. Vogl’s first abandonment motion on November 4, 2011, but it is not a fair reading of the motion court's ruling denying the second abandonment motion, i.e., the denial at issue here. Here, the motion court explicitly notes that it denied a previous motion from Mr. Vogl on the same ground seeking the same relief.

. The majority opinion suggests that the dismissal of Mr. Vogl’s first abandonment motion has no preclusive effect because it was not decided “on the merits.” The trial court denied both motions on the same grounds (and, as to Mr. Vogl’s second abandonment motion, on the additional ground that the court had denied relief to Vogl regarding abandonment in his first motion). The majority opinion offers no reason why the second *244 denial is appealable but the first denial was not. A dismissal has preclusive effect on any issue it decides, and it is this preclusive effect that makes the dismissal appealable. Chromalloy Am. Corp. v. Elyria Foundry Co., 955 S.W.2d 1, 3 (Mo. banc 1997). Accordingly, either: (a) the denial of Vogl’s first abandonment motion was preclusive on the question of whether abandonment can be asserted years after the post-conviction motion was denied and, because it was preclusive on this point, the dismissal was appealable (as the court of appeals plainly concluded it was); or (b) the denial of Mr. Vogl's first abandonment motion was not preclusive on that issue and, because it was not preclusive, it was not ap-pealable. The majority opinion does not choose (b) because, under that approach, the denial of Vogl’s second motion also cannot be appealed. On the other hand, if the answer is (a) and the denial of an abandonment motion is appealable — which the majority opinion plainly holds it is — then all of the arguments raised and adopted here could have been raised and adopted in Mr. Vogl’s appeal from the denial of his first abandonment motion. The fact that he failed to pursue that appeal does not mean it did not happen.

. The majority opinion chides the author for raising this issue sua sponte, noting that the state did not raise the preclusive effect of Mr. Vogl’s first abandonment motion below. It is difficult to see how the state could have raised this issue when it was under no obligation to file a responsive pleading to Mr. Vogl’s second abandonment motion and, as a practical matter, had no opportunity to raise that issue (or anything else) before the trial court denied the motion. Presumably, it will do so on remand. There is no need to put the parties through this exercise, however, as this Court repeatedly has held that "motion courts and appellate courts have a 'duty to enforce the mandatory time limits and the resulting complete waiver in the postconviction rules- — even if the State does not raise the issue.’ ” Price v. State, 422 S.W.3d 292, 297 (Mo. banc 2014) (quoting Dorris v. State, 360 S.W.3d 260, 268 (Mo. banc 2012)). There is no reason this "duty” also should not extend to "enforcing” the clear prohibition against successive post-conviction motions found in Rules 24.035(1) and 29.15(1). To say that this prohibition does not extend to successive post-conviction motions based on abandonment because nothing in Rules 24.035 and 29.15 recognizes post-conviction motions based on abandonment simply proves too much.