

# Missouri Court of Appeals

## Southern District

### Division One

MARCUS L. JOHNSON,⟩⟩
⟩
Movant-Appellant,⟩
⟩
v.⟩ No. SD36496
⟩
STATE OF MISSOURI,⟩ **Filed: October 26, 2020**
⟩
Respondent-Respondent.⟩

### APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Thomas E. Mountjoy, Circuit Judge

**<u>AFFIRMED</u>**

Marcus L. Johnson ("Movant") appeals from the denial of his post-conviction motion, which claimed that his defense counsel was ineffective for telling Movant that his prior offenses could come into evidence if he went to trial and for failing to present mitigation evidence about Movant's mental health at his sentencing hearing. We find no error and affirm the denial of his post-conviction motion.

Movant pleaded guilty to unlawful possession of a firearm; he was sentenced to fifteen years in the Department of Corrections with the sentence to run concurrently with

all existing sentences.[1]  In his first point, Movant argues that his defense counsel was ineffective because she did not tell him that his prior conviction for a felony could have been presented by a possible stipulation instead of admitted as evidence during the trial. He follows this reasoning that the stipulation would have prevented his prior conviction for a felony from being revealed to the jury.  Movant contends he would not have pleaded guilty except for his understanding that his prior conviction for a felony would be told to the jury and his lawyer's advice that his criminal past would hurt him if he went to trial.

As the motion court stated:

> In the event that the State would have been required to pursue its burden of proving each element of each count beyond a reasonable doubt, it would have been necessary to introduce to the trier of fact that he was a convicted felon as to Count I, the crime of being a felon in possession of a firearm. *See* Missouri Approved Instruction (MAI) 331.28. This would have also been abundantly clear noting the factual basis read into the record during Movant's guilty plea. (Guilty Plea tr. pg. 14 lns. 5-17).
> While this Court notes that there exists ways to partially obfuscate the particulars of Movant's criminal history, including potential stipulations entered into by the parties, a necessary nominal fact that Movant was a convicted felon would have been before the trier of fact, therefore necessarily being "brought up".
> Therefore this Court finds that trial and sentencing counsel's representation of [Movant] did not fall below the degree of skill, care, and diligence of a reasonably competent attorney.

We agree.  The very nature of the charge mandated that the fact finder must find that Movant was a felon.  Whether the evidence came in by stipulation or by testimony, it was a necessary element of the crime for the jury to determine.  Movant's allegations regarding the advice of his attorney does not rise to the level of ineffective counsel.  The motion court's findings of fact and conclusions of law are not clearly erroneous.  *See*

***Johnson v. State***, 580 S.W.3d 895, 900 (Mo. banc 2019) ("This Court's review of a

---

[1] This Court has independently verified the timeliness of Movant's post-conviction motions. *See* ***Moore v. State***, 458 S.W.3d 822, 825-26 (Mo. banc 2015); ***Dorris v. State***, 360 S.W.3d 260, 268 (Mo. banc 2012).

motion court's ruling on a Rule 24.035 motion for postconviction relief is 'limited to a determination of whether the findings and conclusions of the [motion] court are clearly erroneous.'" ***Latham v. State***, 554 S.W.3d 397, 401 (Mo. banc 2018) (quoting Rule 24.035(k)) (alterations in original). "A motion court's findings and conclusions are clearly erroneous if, after a review of the entire record, the court is left with the definite and firm impression that a mistake has been made." ***Id.*** (internal quotations omitted)."). We are not left with a definite and firm impression that a mistake has been made. ***Id.*** Point I is denied.

In Point II, Movant contends that his attorney should have advised the plea court at sentencing of Movant's mental health history to be used for mitigation of his sentence. The motion court disagreed stating, "the theme and tenor of her sentencing on the whole certainly focused on [Movant's] mental health." Defense counsel testified that Movant's mental health records included a statement that he had maimed people in the past and used violence as a tool; she said such statements would not have assisted her strategy at either a trial or a sentencing. Defense counsel further testified that putting a personality disorder label on Movant would not have assisted at the trial or sentencing.[2]

Most importantly, Movant had been placed in Mental Health Court "before he was kicked out on his probation violations." Defense counsel did mention at the sentencing hearing that she tried to pursue a Veterans Court option. She told the court that Movant had been working on his mental health issues and his substance abuse issues, specifically, his dealing with PTSD for thirty years. Despite defense counsel's diligent efforts, the plea court sentenced Movant to fifteen years.

As the motion court found, the alleged failure to search "every mental health

---

[2] These statements come from defense counsel's deposition.

provider in the State of Missouri for records that [defense counsel] would have no other way of knowing existed" and "the omission of such a physical report at sentencing did not prejudice [Movant] in any way." Again, the motion court's findings of fact and conclusions of law are not clearly erroneous. Point II is denied.

The judgment is affirmed.

Nancy Steffen Rahmeyer, P.J. – Opinion Author

Daniel E. Scott, J. – Concurs

William W. Francis, Jr., J. – Concurs