

# Missouri Court of Appeals

### Southern District

### Division One

RONALD MCLEMORE,           )
                                     )
        Movant-Appellant,    )
                                     )
     v.                        )         No. SD36568
                                     )
STATE OF MISSOURI,      )        **Filed:  January 28, 2021**
                                     )
        Respondent-Respondent.   )

### APPEAL FROM THE CIRCUIT COURT OF TANEY COUNTY

Honorable Eric D. Eighmy, Associate Circuit Judge

## REVERSED AND REMANDED

Ronald McLemore ("Movant") brought a Rule 29.15 motion.[1]  The court denied the motion without an evidentiary hearing.  Movant now appeals the denial of his post-conviction motion.  Movant is entitled to an evidentiary hearing if "(1) he pleaded facts, not conclusions, warranting relief; (2) the facts alleged are not refuted by the record; and (3) the matters complained of resulted in prejudice to the movant."  *McNeal v. State*, 412 S.W.3d 886, 889 (Mo. banc 2013).  The important part of the finding of ineffective

---

[1] This Court has independently verified the timeliness of Movant's post-conviction motions.  *See Moore v. State*, 458 S.W.3d 822, 825-26 (Mo. banc 2015); *Dorris v. State*, 360 S.W.3d 260, 268 (Mo. banc 2012).  Movant filed his pro se motion on July 8, 2019, and a public defender was appointed to represent him on July 11, 2019.  Movant's counsel filed a motion for extension of time to file an amended motion, which the motion court granted for a total of 90 days.  An amended motion was filed October 9, 2019.

assistance of counsel is that "[d]efense counsel has wide discretion in determining what strategy to use in defending his or her client." *Worthington v. State*, 166 S.W.3d 566, 578 (Mo. banc 2005). "Trial strategy decisions may be a basis for finding ineffective assistance of counsel only if that decision was unreasonable." *Watson v. State*, 520 S.W.3d 423, 435 (Mo. banc 2017).

In denying a hearing to Movant, the motion court, without any evidence, made credibility findings as to whether trial counsel had engaged in reasonable trial strategy. For instance, when responding to the claim that trial counsel was ineffective for not objecting to the closing argument of the prosecutor, the motion court found that though the remarks were arguably improper counsel "competently responded in argument with a well-reasoned point." The court also found no prejudice from the closing statement or counsel's choice to respond with argument rather than objection. Likewise, in another claim, that trial counsel reserved his opening statement and seemed to have no articulable theory of defense, the trial court found the opening statement to be competent. The motion court also found trial counsel's admission of testimony in its case that was hurtful to his client was not prejudicial.

The motion court noted that Movant bore the burden of proof to establish ineffective assistance of counsel by a preponderance of the evidence, but failed to let Movant put on evidence to support his claims. There was no evidence that trial counsel was making a strategic choice because there was no evidence before the motion court. The motion court skipped the evidentiary steps to resolve all of the claims by reviewing the transcript of the trial. The record does not conclusively refute Movant's claims when credibility findings are necessary and the question is one of trial strategy.

2

The motion court's judgment is reversed and we must remand for an evidentiary hearing on Movant's claims.


Nancy Steffen Rahmeyer, P.J. – Opinion Author

William W. Francis, Jr., J. – Concurs

Jack A. L. Goodman, J. – Concurs