

# In the Missouri Court of Appeals
# Eastern District

### DIVISION THREE

| | | |
|---|---|---|
| DOUGLAS LUTTRELL, | ) | No. ED113120 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of Cape Girardeau County |
| | ) | |
| v. | ) | Cause No. 23CG-CC00260 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Scott A. Lipke |
| | ) | |
| Respondent. | ) | Filed: August 12, 2025 |

### Introduction

Appellant Douglas Luttrell appeals the motion court's judgment denying his amended Rule 24.035 motion for post-conviction relief without an evidentiary hearing. [1] In three points on appeal, Appellant argues that plea counsel was ineffective for failing to investigate potential witnesses and material evidence, and for continuing to represent him despite a financial conflict of interest. However, we find that Appellant failed to timely file his *pro se* Rule 24.035 motion and therefore this Court and the motion court lacked any authority to hear his claims. We vacate the motion court's judgment and remand to the circuit court to dismiss Appellant's Rule 24.035 motion.

---

[1] All Rule references are to the Missouri Supreme Court Rules (2023).

1

**Factual and Procedural Background**

Appellant was originally charged with two counts of first-degree statutory sodomy for conduct that occurred between October 5, 2015, and December 25, 2019. The State filed an amended information charging Appellant with one count of third-degree child molestation and dismissed the original counts. On March 17, 2023, Appellant pleaded guilty to third-degree child molestation and the trial court subsequently sentenced Appellant to a term of five years imprisonment, the sentence recommended by the State.

Appellant filed his *pro se* Rule 24.035 motion for postconviction relief on September 15, 2023. On October 23, 2023, the motion court appointed post-conviction counsel. An amended Rule 24.035 motion was filed on April 11, 2024. On October 11, 2024, the motion court issued its findings of fact and conclusions of law denying Appellant's motion without an evidentiary hearing. This appeal follows.

**Standard of Review**

We review the denial of a Rule 24.035 motion for postconviction relief to determine whether the circuit court's findings and conclusions are clearly erroneous. Rule 24.035(k); *Shepard v. State*, 658 S.W.3d 70, 75 (Mo. App. E.D. 2022), *transfer denied* (Jan. 31, 2023) (citing *Hefley v. State*, 626 S.W.3d 244, 248 (Mo. banc 2021)). "Findings and conclusions are clearly erroneous if, after reviewing the entire record, there is a definite and firm impression that a mistake has been made." *Shepard*, 658 S.W.3d at 75 (internal quotation omitted).

**Discussion**

Appellant raises three points on appeal. In Point I, Appellant argues that the motion court erred in failing to grant an evidentiary hearing because plea counsel was ineffective for failing to investigate material witnesses who would have contradicted or refuted the victims' allegations of

sexual abuse. In Point II, Appellant alleges that plea counsel was ineffective for failing to investigate the forensic interviews of the victims, which would have revealed inconsistencies that could have been used to impeach their credibility. Finally, in Point III, Appellant contends that plea counsel was ineffective for continuing to represent Appellant despite a financial conflict of interest, as Appellant felt pressured to plead guilty because he could not afford to pay plea counsel's required fee to go to trial.

Before addressing the merits of Appellant's claims, we must address the timeliness of Appellant's *pro se* Rule 24.035 motion. When no direct appeal is filed, Rule 24.035 requires a person seeking post-conviction relief under this rule to file the motion within 180 days after the date the sentence is entered. Rule 24.035(b); *Ross v. State*, 709 S.W.3d 433, 436 (Mo. App. E.D. 2025). "Failure to file a motion within the time provided by this Rule 24.035 shall constitute a complete waiver of any right to proceed under this Rule 24.035 and a complete waiver of any claim that could be raised in a motion filed pursuant to this Rule 24.035." Rule 24.035(b). "Our courts are obligated to enforce the mandatory time limits associated with post-conviction relief, even if the issue of timeliness is not raised by the State in the motion court." *Miller v. State*, 386 S.W.3d 225, 227 (Mo. App. W.D. 2012) (citing *Dorris v. State*, 360 S.W.3d 260, 268 (Mo. banc 2012)).

Here, on September 15, 2023, Appellant filed his *pro se* motion under Rule 24.035, which was 182 days after his sentencing was entered on March 17, 2023. Accordingly, his motion was untimely. While Appellant acknowledges that his motion was untimely, he asserts that the "active interference" exception applies here.

Missouri courts have recognized a number of "rare circumstances" in which late filings under Rule 24.035 may be excused. *Ross*, 709 S.W.3d at 437. Specifically, the active

interference exception provides that "where an inmate writes his initial post-conviction motion and takes every step he reasonably can within the limitations of his confinement to see that the motion is filed on time, a motion court may excuse the inmate's tardiness when the active interference of a third party beyond the inmate's control frustrates those efforts and renders the inmate's motion untimely." *Price v. State*, 422 S.W.3d 292, 302 (Mo. banc 2014).

Appellant asserts that this Court should remand his cause to the motion court in order to conduct an evidentiary hearing where he would testify as to the application of this exception. However, a movant is required to plead and prove facts showing that the *pro se* motion was timely filed or that the untimeliness was excused because of a recognized exception to the time limits. *Dorris*, 360 S.W.3d at 267.

> The movant must allege facts showing he timely filed his motion and meet his burden of proof by either: (1) timely filing the original pro se motion so that the time stamp on the file reflects that it is within the time limits proscribed in the Rule; (2) alleging and proving by a preponderance of the evidence in his motion that he falls within a recognized exception to the time limits; or (3) alleging and proving by a preponderance of the evidence in his amended motion that the court misfiled the motion.

*Id*. Appellant's *pro se* motion and amended motion are devoid of any such factual allegations. Accordingly, because the time limits and pleading requirements imposed by Rule 24.035 are mandatory, we find that Appellant's failure to allege such facts within his motion constitutes a complete waiver of post-conviction relief, and the motion court and this Court lack any authority to hear Appellant's untimely claims. *Id*. at 270.

## Conclusion

The motion court's judgment is vacated and this cause is remanded with directions to the circuit court to dismiss Appellant's Rule 24.035 motion.

_____
Renée D. Hardin-Tammons, P.J.

Angela T. Quigless, J., and
Thomas C. Clark II, J., concur.

5